## Case No. 6,869.

### HUMPHREYS v. The AMERICA.

[Bee, 237.] [1]

District Court, D. South Carolina. Feb. 24, 1807.

ADMIRALTY—SEAMEN'S WAGES—FORFEITURE.

Forfeiture of half wages, in consequence of such improper behaviour, as made it necessary to dismiss the seaman when the voyage was about half performed.

[Cited in The Mentor, Case No. 9,427.]

BEE, District Judge. The actor, on the 18th November last, shipped as first mate on a voyage from the coast of Africa to this port. His wages were not payable monthly, but he was to receive sixty guineas when he should arrive, and the vessel be entered, at

---

[1] [Reported by Hon. Thomas Bee, District Judge.]

Charleston; provided he acted as first mate on board the brig to the intended port. The vessel sailed on the 4th December following, and arrived here on the 4th instant. It appears that on the 11th of January, the actor was dismissed from his station of first mate, and was not reinstated when they arrived here. It is contended on behalf of the owners that he has forfeited all claim to wages on account of improper behaviour on board, and an attempt to raise a mutiny. If this defence be maintainable, mutinous behaviour at sea amounts to loss of wages; and this point I am to determine. It was admitted that the actor performed his duty as mate till the 11th of January, when he was dismissed from that station. That he is an able seaman, and that he had committed no previous fault, except that, at times, he was abusive to the captain and passengers. The immediate cause of his dismissal was his refusal to obey an order of the captain to send a barrel of flour to the quarter deck, which, however, was afterwards complied with. No other charge is alleged against him. The laws of the United States are silent as to forfeiture of wages, except in the single case of desertion. I have carefully examined the marine law as to causes of forfeiture like the present, and find it laid down in the book called "Dominion of the Sea," 203, that for mutiny seamen shall be corporally punished. Moll. de J. Mar. bk. 2, c. 3, § 2, says a disobedient mariner may be discharged at the first port, and that he shall forfeit half his wages, and all his goods within the ship. By the rules of the navy of the United States, mutiny is punishable by death, or such other punishment as a court martial shall direct. By the marine law the master may punish contumacious behaviour corporally, or by putting in irons, if necessary. In the present case, the behaviour of the actor was very improper, but the captain chose to inflict no other punishment than removal from his station as mate; after which he does not appear to have behaved improperly, or to have interfered in the management of the vessel. He was, however, the only navigator on board, except the captain; and would have been necessary to the safety of the vessel, if any accident had befallen the captain. No ill consequence arose from his improper behaviour; and as he was dismissed, instead of suffering corporal punishment, which might justly have been inflicted, I do not think the whole of his wages ought to be retained. That he did not continue to act as mate throughout the voyage was the act of another; not voluntary on his part. On the whole, I think he must receive compensation for the time he actually did duty, that is, for about half the voyage. I decree that he be paid one half the sum mentioned in his contract; and that each party pay his own costs.